# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | | |
|---|---|---|---|
| TONEY SMITH<br>a/k/a RAPP WARE, | ) ) ) | | |
| Movant, | ) ) | | |
| v. | ) ) | Case No. | CV609-066<br>CR606-010 |
| UNITED STATES OF AMERICA, | ) ) | | |
| Respondent. | ) | | |

## **REPORT AND RECOMMENDATION**

Toney Smith moves over the government's opposition for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) Smith was sentenced as a career offender to 326 months' imprisonment after pleading guilty to possession with intent to distribute cocaine base. (Cr. doc. 57.) After unsuccessfully appealing his sentence (Cr. doc. 69),[2] he filed the present § 2255 motion, which asserts a single ground for relief: that his counsel was ineffective for

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV609-066. "Cr. doc." refers to documents filed under movant's criminal case, CR606-010.

[2] Smith's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). (Cr. doc. 69.) The Eleventh Circuit affirmed his sentence. (*Id.*)

failing to object at sentencing to the district judge's reliance upon certain predicate convictions in determining that he qualified as a career offender. (Doc. 1 at 4.)

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, the movant

must show that "no competent counsel would have taken the action that his counsel did take." *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).

Under the prejudice prong, the movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

Smith alleges in his § 2255 motion that his attorney, Laura Wheaton, was ineffective for failing to object at sentencing to the judge's consideration of three New Jersey state court convictions. (Doc. 2 at 7.) Those convictions were consolidated for sentencing, but each arose from separate incidents resulting in independent arrests and were properly treated as separate countable offenses under U.S.S.G. § 4A1.2. Based upon those convictions (along with one other), Smith was sentenced as a

3

career offender under U.S.S.G. § 4B1.1, which automatically imposed a total offense level of 37, rather than the 36 calculated under the standard guidelines provisions, thereby increasing his sentencing range. (Doc. 6 at 1-2.) He states that the state convictions were constitutionally infirm because he was not present for the consolidated sentencing on the convictions and never appeared in court on the matters.[3] (Doc. 2 at 7.) And yet, he also concedes that he was represented by counsel on those convictions. (*Id.* at 5.)

Since he was represented by counsel during the state proceeding, Smith's claim fails. In *Custis v. United States*, 511 U.S. 485 (1994), the Supreme Court held that with the "sole exception" of convictions obtained in denial of the right to counsel guaranteed in *Gideon v. Wainright*, 372 U.S. 335 (1963), a defendant in a federal sentencing proceeding has no constitutional right to collaterally attack the validity of his previous state convictions.[4] *Custis*, 511 U.S. at 487; *Daniels v.*

---

[3] Respondent has provided certified records of conviction. (Docs. 6-2, 6-3, & 6-4.) The plea colloquies reciting the charges and potential sentences in each of the cases were initialed by Smith. His contention that he was not present for any of the proceedings is highly suspect, to say the least.

[4] Congress, of course, may set forth procedures "allowing a defendant to challenge the validity of a prior conviction used to enhance [his] sentence" for

*United States*, 532 U.S. 374, 382 (2001).[5] This is because other collateral challenges "would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records that date from another era, and may come from any one of the 50 states." *Custis*, 511 U.S. at 496.

This is exactly such a case. Had the sentencing judge inquired into the matter, he would have had to perform a habeas-level inquiry into the

---

specified types of offenses. *Custis*, 511 U.S. 485, 491 (noting that 21 U.S.C. § 851(c) requires such a collateral review in the context of certain drug offenses). The government did not move for a § 851 enhancement in this case. (Cr. doc. 61 at 15.)

[5] Although *Custis* was decided in the context of the Armed Career Criminal Act, it has been consistently held to apply in all cases where Congress or the Federal Sentencing Guidelines have not explicitly instructed otherwise. *United States v. Arango-Montoya*, 61 F.3d 1331, 1336 (7th Cir. 1995) ("We now hold that . . . a prior conviction may be collaterally attacked at sentencing only where the defendant claims that he was deprived of counsel."); *United States v. Jones*, 27 F.3d 50, 52 (2d Cir. 1994) (holding that the rule in *Custis* applies to "any . . . statutory scheme providing for sentence enhancement on the basis of prior felony convictions"); *United States v. Garcia*, 42 F.3d 573, 581 (10th Cir. 1994) ("the Court's distinction between collateral attacks based on the complete denial of counsel and collateral attacks based on other constitutional claims applies equally to sentencing proceedings under the Guidelines and under the ACCA"); *see United States v. Phillips*, 120 F.3d 227, 231 (11th Cir. 1997) (holding that it was plain error for district judge to discount a conviction under the guidelines' career offender provision without a showing that there was an "unwaived absence of counsel in the proceedings resulting in that conviction"); *United States v. Houston*, 249 F. App'x 784, 786 (11th Cir. 2007) (applying *Custis* to the guidelines' career offender provision); *United States v. Burrows*, 36 F.3d 875, 885 (9th Cir. 1994) (same). The Court is not aware of any statutory or guidelines provisions that would require an in-depth collateral inquiry in this case.

state court convictions. Allowing such a collateral attack during sentencing would unnecessarily "delay and impair the orderly administration of justice" and would deny the state court's judgment of its "normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t]." *Id.* at 497 (quotations and citation omitted). On the other hand, "failure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order," and is thus a permissible inquiry at sentencing. *Id.* at 496.

Smith does not allege that he was denied counsel for the allegedly unconstitutional state convictions. Indeed, he admits that he was represented. (Doc. 2 at 5.) Consequently, he had no right to collaterally attack the convictions at sentencing. *See United States v. Roman*, 989 F.2d 1117, 1120 (11th Cir. 1993) (en banc) (holding that sentencing courts may not rely on prior convictions that are "presumptively void," a category of cases that is "perhaps limited to uncounseled convictions"). Smith's attorney did not perform deficiently by failing to raise such an

objection.[6]  Accordingly, Smith's § 2255 motion (doc. 1) is without merit and should be **DENIED**.[7]

**SO REPORTED AND RECOMMENDED** this  27th  day of October, 2009.

s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[6] Nor has Smith shown that he was prejudiced by any such failure:  Even had the sentencing judge entertained such an objection, Smith had no evidence, other than his own word, that the convictions were improper, and he has offered no such evidence in the present § 2255 proceeding.  Thus, Smith has not shown a reasonable probability that his sentence would have changed had the argument been addressed.

[7] Smith's counsel correctly instructed him that he could challenge the convictions in New Jersey state court but could not pursue the issue at his federal sentencing.  (Doc. 2 at 5.)  If he was "successful in attacking these state sentences, he [could] then [have] appl[ied] for reopening of any federal sentence enhanced by the state sentences." *Custis*, 511 U.S. at 497.  It appears, however, that such a significant amount of time has elapsed that the convictions are no longer open to collateral attack.  If that is the case, the convictions are conclusively presumed valid and a claim that they were unconstitutionally obtained cannot be the basis for § 2255 relief. *Daniels*, 532 U.S. at 376.

7