UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TONY SMITH, )
)
    Movant, )
)
v. ) Case No.   CV612-037
)                CR606-010
UNITED STATES OF AMERICA, )
)
    Respondent.

## REPORT AND RECOMMENDATION

As authorized by the Eleventh Circuit, *In re Tony Smith*, No. 12-11092-E (11th Cir. Mar. 28, 2012), Tony Smith again moves this Court for 28 U.S.C. § 2255 relief. CR606-010, doc. 104.[1] This Court relied on four prior state convictions to sentence him as a career offender, but Smith has since gotten one of them vacated. *Id.* at 6-7.[2] Smith's latest § 2255 motion is not successive because a defendant who gets a prior state court conviction vacated and *then* invokes § 2255 for a second time to

---

[1] He was sentenced as a career offender to 326 months' imprisonment after pleading guilty to possession with intent to distribute cocaine base. Doc. 57. He unsuccessfully appealed his sentence (doc. 69) and his first § 2255 motion was denied in 2009. Doc. 84.

[2] Page references are to the Court's CM/ECF screen page rather than the referenced document's own internal pagination.

undo an enhanced sentence restarts the § 2255 cycle. Hence, this is a *first*, not a successive § 2255 motion. *Smith*, 12-11092 at 2 (applying *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011)).

Smith, however, is too late. Doc. 136 at 4-7. Under *Stewart*, the vacatur resets the one-year § 2255 cycle and part of its limitations clock.[3] Smith won his vacatur "on or about August 6, 2010." *Smith*, doc. 104 at 20. He had one year from that date to act but did not file his § 2255 motion here until April 12, 2012. *Id.* at 16 (his signature date).[4] He thus took too long in his post-vacatur time period.

Smith also took too long to act in the *pre*-vacatur time period

---

[3] 28 U.S.C. § 2255(f)(4) provides that the one-year limitation period for filing a § 2255 motion shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). But "the state court vacatur of a predicate conviction is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4). . . ." *Stewart*, 646 F.3d at 858; *United States v. Hicks*, 2011 WL 7070532 at * 3 (N.D. Fla. Dec. 22, 2011).

[4] As for the second time period Smith says he brought news of the vacatur to this Court's attention in August 2011, in his "motion to correct presentence report" (PSI). Doc. 112 at 4-5 (citing doc. 86 at 3-4). But as this Court explained in its August 25, 2011 Order, it had no jurisdiction to hear such a motion. Doc. 88 at 1. Smith thus wasted valuable time; he should have moved the Eleventh Circuit for permission to file a successive § 2255 motion instead of filing a facially defective PSI-correction motion. And he certainly had to know, upon receipt of the Court's August 25, 2011 Order, that he could not be lax about his claim. Yet, he did not move the Eleventh Circuit for relief until March 1, 2012. Doc. 112 at 5 n. 1.

illuminated by *Johnson*, which was issued in 2005. Movants must promptly move in two time periods: (1) to vacate any prior state convictions after they are used to enhance their federal sentence (the post-federal-sentencing period); and (2) to seek § 2255 relief if successful (the post-vacatur period).[5] *Johnson*, 544 U.S. at 304-06. Smith was sentenced here on February 5, 2008. Doc. 57. The government says he did not begin to seek vacatur until 2010. Doc. 109 at 8. Smith says 2009, doc. 112 at 4, but he supplies no precise date, and the government's state-court record shows August 6, 2010, doc. 109-3 at 14, which is more than one year. The one-year clock ticked during the Smith's inactivity periods within both the pre- and post-vacatur time periods. *Futch v. United States*, 2012 WL 4009710 at * 1 (S.D. Ga. Sep. 12, 2012) (each movant must "keep the ball moving at all times."). Adding those time gaps together well exceeds the one-year limit. Hence, Smith is too late here. Since he has not shown diligence, *Johnson*, 544 U.S. at 311, his § 2255 motion should be denied on those grounds alone.

---

[5] The petitioner in *Johnson* failed to seek vacatur until more than three years after the entry of judgment in his federal case. He thus "fell far short of reasonable diligence in challenging the state conviction." *Johnson*, 544 U.S. at 311; *see also United States v. Harrison*, 2012 WL 692552 at * 4 (W.D. La. Jan. 31, 2012).

Even absent the timeliness concerns, he cannot win. Four remaining convictions support the career offender designation on which Smith's sentence is based. Doc. 109 at 11-12; *see also* PSI ¶¶ 27, 28, 31, 32 & 37.[6] That, in turn, supports denial of Smith's ineffective assistance claim (IAC) against sentencing counsel -- Smith says he failed to investigate and object to the predicate convictions -- since Smith cannot show the prejudice required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Edwards v. United States*, 2011 WL 1357687 at * 12 (M.D. Fla. Apr. 11, 2011) (noting 3 valid prior convictions, so § 2255 movant could not show prejudice on IAC claim).

Tony Smith's § 2255 motion should therefore be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation,

---

[6] Smith argues that the government cannot rely on these other convictions because it did not indict him on them or file a 21 U.S.C.§ 851 notice. Doc. 112 at 8. However, that was simply not necessary. *Johnson v. United States*, 2012 WL 2996593 at * 4 (M.D. Fla. Jul. 23, 2012) ("[A] career offender under § 4B1.1 of the Sentencing Guidelines faces an increased sentencing range but does not face an increased statutory maximum sentence, and no § 851 information need be filed. *Young v. United States*, 936 F.2d 553, 536 (11th Cir. 1991)."); *Black v. United* States, 2010 WL 2293278 at * 4 (M.D. Fla. Jun. 7, 2010).

4

so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 26th day of September, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**